THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD H. GOULD, Appellant.

First Department, February 17, 1939.

*Thomas J. Todarelli* of counsel [*Emanuel G. Kleid* with him on the brief; *Mintzer & Todarelli*, attorneys], for the appellant.

*Charles C. Tillinghast, Jr., Deputy Assistant District Attorney*, of counsel [*Karl Grebow, Deputy Assistant District Attorney*, with him on the brief: *Thomas E. Dewey, District Attorney*], for the respondent.

TOWNLEY, J. Appellant was convicted of larceny by trick and device. His guilt was established by the overwhelming weight of the evidence.

Appellant's only substantial point on appeal is that the trial court committed reversible error during the cross-examination of defendant's witness Austin. The effect of the cross-examination was to elicit testimony from Austin that in 1931, some four or five years before the crimes charged in this indictment, Austin, while an Assistant Attorney-General, had received complaints against the defendant from two women who claimed to have been defrauded.

The circumstances under which this testimony was obtained cannot be distinguished from the state of facts discussed and disapproved by the Court of Appeals in *People* v. *Richardson* (222 N. Y. 103).

The error, however, on the whole record should be treated as harmless. Aside from these complaints, there was evidence in the case of many other larcenies committed by the defendant in addition to the ones on which he was convicted. Evidence of these was properly admitted as bearing on defendant's intent and motive. It seems impossible that the verdict could have been influenced by testimony put before the jury of two additional complaints by other women so many years before the crimes herein litigated. The error may, therefore, be safely disregarded in accordance with the mandate of section 542 of the 'Code of Criminal Procedure. (*People* v. *Carlsonakas*, 241 App. Div. 232; affd., 265 N. Y. 565.)

The judgment of conviction should be affirmed.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Judgment unanimously affirmed.